# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HORNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G4S SECURITY,<br><br>　　　　Defendant. | Case No. 1:19-cv-01210-LJO-SAB<br><br>ORDER STRIKING UNSIGNED COMPLAINT AND DIRECTING PLAINTIFF TO FILE LONG FORM APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND SIGNED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Michael Edward Horne ("Plaintiff"), proceeding *pro se*, filed an unsigned complaint in this action and a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

### A.　　Motion to Proceed *In Forma Pauperis*

Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, Plaintiff's application was not adequately completed. Plaintiff indicates that he receives gross wages of $900.00 per month. He also states that he receives other income in the form of rents and disability or worker's compensation payments but did not indicate the amount that he receives from these sources. Therefore, the Court is unable to determine if Plaintiff is entitled to proceed without prepayment of fees in this matter.

Accordingly, the Court will order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in

full.

**B Unsigned Complaint**

The complaint that Plaintiff filed is this action is not signed. Unsigned documents cannot be considered by the Court. Fed. R. Civ. P. 11(a); Local Rule 131(b). Plaintiff's complaint shall be stricken from the record on that ground.

To assist Plaintiff in filing his complaint, Plaintiff is provided with the following legal standards.

  1. <u>Rule 8 Pleading Standard</u>

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. <u>Twombly</u>, 550 U.S. at 555. Plaintiff cannot state a claim in this action by merely setting forth his causes of action.

Under <u>Twombly</u> and <u>Iqbal</u> "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678. This requires factual content for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. <u>Id.</u> A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. <u>Id.</u> Further, while the court is to accept all "well pleaded factual allegations" in the complaint as true, <u>id.</u> at 679, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements of a cause of action or legal conclusions couched as factual allegations, <u>Twombly</u>, 550 U.S. at 555. The conclusory allegations in the complaint are not entitled to the presumption of truth. <u>Iqbal</u>, 556 U.S. at 681.

Further, a claim for relief must contain a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). Plaintiff's complaint should include the relief that he is seeking in this action.

2

2. <u>Section 1983</u>

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff is advised that to state a claim under section 1983, he is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. <u>Long</u>, 442 F.3d at 1185. There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. <u>Iqbal</u>, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Jones</u>, 297 F.3d at 934.

An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988) (quoting <u>United States v. Classic</u>, 313 U.S. 299, 326 (1941)). This does not require that the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." <u>Dennis v. Sparks</u>, 449 U.S. 24, 27–28 (1980).

To state a claim, Plaintiff must allege sufficient factual allegations to demonstrate that every named defendant was acting under color of law.

3. <u>Supplemental Jurisdiction</u>

Where a district court has original jurisdiction, it may exercise supplemental jurisdiction over all claims that are that are so related that they form part of the same case or controversy. 28 U.S.C. § 1367(a). The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or

rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Id. at 1239.

**B.     Order**

Based upon the foregoing, it is HEREBY ORDERED that:

1. The Clerk of the Court is DIRECTED to forward an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 to Plaintiff;

2. Within **thirty (30) days** of the date of this order, Plaintiff SHALL either (1) pay the $400.00 filing fee for this action, or (2) complete and file the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239;

3. Plaintiff's complaint is STRICKEN FROM THE RECORD for being unsigned;

4. Within thirty days Plaintiff SHALL FILE a signed complaint;

5. Plaintiff's complaint may not exceed twenty-five pages in length and must be double spaced using size 12 Times New Roman or similar font; and

6. If Plaintiff fails to comply with this order, the Court shall recommend that this action be dismissed for failure to pay the filing fee and failure to comply with a court order.

IT IS SO ORDERED.

Dated:  **September 5, 2019**

_____
UNITED STATES MAGISTRATE JUDGE

4