# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDWARD HORNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G4S SECURITY,<br><br>　　　　Defendant. | Case No. 1:19-cv-01210-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY AND FAILURE TO PROSECUTE AND DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF No. 3)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Michael Edward Horne ("Plaintiff"), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Along with Plaintiff's complaint he filed a motion to proceed in this action *in forma pauperis*. On September 5, 2019, an order issued striking Plaintiff's complaint because it was not signed and requiring Plaintiff to file a long form application to proceed without prepayment of fees. Plaintiff's signed complaint and long form application were due within thirty days. On September 17, 2019, Plaintiff filed a long form application to proceed without prepayment of fees in this action. However, more than thirty days have passed and Plaintiff has not filed a signed complaint in compliance with the September 5, 2019 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

1

sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was provided with the legal standards that appeared to apply to his claims and was ordered to file a signed complaint within

thirty days of September 5, 2019. Although it is clear that Plaintiff received the order as he filed the motion to proceed *in forma pauperis*, Plaintiff has neither filed a signed complaint nor requested an extension of time to do so. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's filing a complaint and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's September 5, 2019 order requiring Plaintiff to file a signed complaint expressly stated: "If Plaintiff fails to comply with this order, the Court shall recommend that this action be dismissed for failure to pay the filing fee and failure to comply with a court order." (ECF No. 3 at 4.) Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's order and his failure to file a signed complaint.

Finally, Plaintiff seeks to proceed *in forma pauperis* in this action. District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If a plaintiff proceeds through § 1915, a district

court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). For purposes of § 1915(e)(2)(B)(ii), the same standard for a Rule 12(b)(6) motion is utilized – the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed in forma pauperis because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

In this instance, Plaintiff has not filed a signed complaint and has therefore failed to state a claim in this action. Plaintiff was ordered to file a signed complaint and has not done so. Therefore, the Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action be DISMISSED for Plaintiff's failure to comply with the September 5, 2019 order and failure to prosecute; and

2. Plaintiff's application to proceed *in forma pauperis* be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

4

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 10, 2019**

_____
UNITED STATES MAGISTRATE JUDGE